1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DUNG C. DAO,                          No.  2:15-cv-1073-GEB-KJN PS

12                  Plaintiff,

13        v.                               FINDINGS & RECOMMENDATIONS

14   SASHA HUNTLEY, et al.

15                  Defendants.

16

17         On May 19, 2015, defendants Sasha Huntley and Michael Huntley ("defendants"), who

18   are proceeding without counsel, removed this unlawful detainer action from the Sacramento

19   County Superior Court.[1]  (ECF No. 1.)  Both defendants also filed motions to proceed in forma

20   pauperis.  (ECF Nos. 2, 3.)

21         A federal court has an independent duty to assess whether federal subject matter

22   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

23   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

24   to establish subject matter jurisdiction over the removed action sua sponte, whether the parties

25   raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

26   Because subject matter jurisdiction may not be waived by the parties, a district court must remand

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                              1

1   a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.

2   Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l

3   Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)

4   ("If at any time before final judgment it appears that the district court lacks subject matter

5   jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds that it

6   lacks subject matter jurisdiction over the action and recommends that the action be remanded to

7   state court.[2]

8        In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United
> States for the district and division embracing the place where such
> action is pending.

13   28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

14   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The

15   removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

16   "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic

17   Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation

18   marks omitted).

19        A federal district court generally has original jurisdiction over a civil action when:  (1) a

20   federal question is presented in an action "arising under the Constitution, laws, or treaties of the

21   United States;" or (2) there is complete diversity of citizenship and the amount in controversy

---

[2] Furthermore, this court is not the proper venue for this matter.  Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Because this action was initiated in the Alameda County Superior Court, the proper removal venue would have been the United States District Court for the Northern District of California.  Nevertheless, because this court has no subject matter jurisdiction over this case, it has no power to transfer it to another district where venue would be proper.  See First Nat'l Bank of Chicago v. United Airlines, 190 F.2d 493, 496 (7th Cir. 1951), rev'd on other grounds, 342 U.S. 396 (1952); Arends v. Mitchell Sav. Bank, 1997 WL 467543, at *2 (N.D. Ill. Aug. 13, 1997).

1    exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

2           District courts have diversity jurisdiction over "all civil actions where the matter in

3    controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action

4    is between:  "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a

5    foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are

6    additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

7    States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

8           In regards to federal question jurisdiction, federal courts have "jurisdiction to hear,

9    originally or by removal from a state court, only those cases in which a well-pleaded complaint

10   establishes either that federal law creates the cause of action, or that the plaintiff's right to relief

11   necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v.

12   Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v.

13   Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he presence or absence of federal-

14   question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

15   federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

16   properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks

17   omitted).  "In determining the existence of removal jurisdiction, based upon a federal question,

18   the court must look to the complaint as of the time the removal petition was filed." Abada v.

19   Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks

20   omitted).  Mere reference to federal law is insufficient to permit removal.  See Smith v. Indus.

21   Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a

22   state cause of action does not automatically confer federal question jurisdiction").  Also, defenses

23   and counterclaims cannot provide a sufficient basis to remove an action to federal court.  See

24   Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.

25   1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

26          Here, defendants appear to contend that federal question jurisdiction exists because

27   plaintiff's claim is framed "in the language of the [Protecting Tenants at Foreclosure Act of 2009,

28   12 U.S.C. § 5201]." (ECF No. 1 at 6-7.)  Defendants further contend that 12 U.S.C. § 5201 is

3

1  drawn into controversy in this action because the federal statute provides for a 90-day notice

2  period prior to the filing of any state eviction proceeding and defendants assert that plaintiff

3  "serv[ed] only a 3 day notice to quit" before filing an unlawful detainer action in state court.  (Id.

4  at 3.)  Finally, defendants assert that they are not raising a defense under 12 U.S.C. § 5201, but

5  that plaintiff has purposefully omitted a claim under this statute in order to characterize this action

6  as a state law unlawful detainer action and failed to reference the statute's 90-day notice

7  provision.  (Id.at 6-7.)

8          Defendants have not shown that removal is proper on the basis of federal question

9  jurisdiction.  The state court pleadings and papers accompanying the removal notice establish that

10  the state court action is nothing more than an unlawful detainer action, and is titled as such.  (See

11  ECF No. 1 at 10-12.)  Plaintiff, the apparent owner of the subject real property in Sacramento

12  County, California, filed suit in the Sacramento County Superior Court on April 23, 2015,

13  seeking to evict defendants from the property.  (Id.)  This court has no jurisdiction over unlawful

14  detainer actions, which are brought pursuant to state law and fall strictly within the province of

15  the state court.  While defendants may seek to raise a defense based on federal law in response to

16  plaintiff's unlawful detainer claim, any defenses based on federal law must generally be raised in

17  the state court action and do not provide a basis for removal.  "A case may not be removed to

18  federal court on the basis of a federal defense . . . even if the defense is anticipated in the

19  plaintiff's complaint, and even if both parties admit that the defense is the only question truly at

20  issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the

21  State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted);

22  see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to

23  a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of

24  federal preemption and is anticipated in the plaintiff's complaint.").  Furthermore, defendants

25  appear  to assert that plaintiff states a federal cause of action under 12 U.S.C. § 5201.  However,

26  it appears from the face of plaintiff's complaint that no federal cause of action has been stated.

27  (See ECF No. 1 at 10-12.)  Rather, plaintiff's complaint states only a claim for unlawful detainer

28  under California state law.

4

1    Furthermore, defendants do not argue or otherwise demonstrate that removal is proper on

2    the basis of diversity jurisdiction.  In the notice of removal, defendants fail to state plaintiff's state

3    of residence, and the complaint likewise provides no indication of plaintiff's residence.

4    Similarly, defendants do not provide information in their notice of removal regarding their own

5    residencies, and the complaint also does not provide such information.  While the court has

6    insufficient information to determine whether complete diversity is present at this juncture,

7    defendants may not remove this action on the basis of this court's diversity jurisdiction because

8    they have failed to meet their burden that such jurisdiction exists over this case.  Holcomb v.

9    Bingham Toyota, 871 F.2d 109, 110 (9th Cir. 1989) ("The party invoking the removal statute has

10   the burden of establishing federal jurisdiction.").

11   Moreover, even assuming that the parties are citizens of different states and defendants are

12   not California residents, defendants have not demonstrated that the amount in controversy in this

13   case exceeds $75,000.  A review of plaintiff's complaint confirms that the action was filed as a

14   "limited" civil case where the damages at stake are less than $10,000.  (ECF No. 1 at 10.)  When

15   the plaintiff has alleged a specific amount in damages or alleged that damages do not exceed

16   $10,000, those damages allegations govern the propriety of removal.  "Where it is not facially

17   evident from the complaint that more than $75,000 is in controversy, the removing party must

18   prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional

19   threshold." [3]  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

20   (per curiam).  Here, defendants have not established that this court can maintain diversity

21   jurisdiction given that, on its face, plaintiff's complaint conspicuously states that the "amount

22

23   _____
     [3]   See, e.g., Arcuri v. State Farm Mut. Auto. Ins. Co., 2013 WL 5781733, at *2 (D. Nev. Oct. 16,
     2013) (unpublished) ("a bare assertion of the amount in controversy, devoid of any indication
24   from the face of the complaint, is not enough to establish federal jurisdiction."); Wachovia
     Mortgage FSB v. Atencio, No. C 09-5275 BZ, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010)
25   (unpublished) (holding that, where the "title of the state court complaint provides that the amount
     in damages is less than $10,000," plaintiff has plead a "specific amount in damages" such that it
26   is not necessary to look beyond the face of the complaint); cf. Valdez v. Allstate Ins. Co., 372
     F.3d 1115, 1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting
27   that the inquiry is not confined to the face of the complaint when the amount in controversy is not
     stated therein).
28

1   demanded does not exceed $10,000," that "[t]he fair rental value of the premises is $40.00 per

2   day," and that defendants owe "past-due rent of $4100.00."  (ECF No. 1 at 10, 12.)

3        Based on the foregoing analysis, the court finds that it lacks subject matter jurisdiction

4   over plaintiff's unlawful detainer action brought pursuant to California law.  Accordingly, this

5   case should be remanded back to the Sacramento County Superior Court.  Furthermore, because

6   this action should be remanded, defendants' motions to proceed in forma pauperis should be

7   denied as moot.

8        For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

9        1. The action be REMANDED to the Sacramento County Superior Court.

10       2. The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the

11   Sacramento County Superior Court, and reference the state case number (No. 15UD02762 ) in the

12   proof of service.

13       3. Defendants' motions to proceed in forma pauperis (ECF Nos. 2, 3) be denied as moot.

14       4. The Clerk of Court be directed to close this case and vacate all dates.

15       These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

17   days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served on all parties and filed with the court within fourteen (14) days after service of the

21   objections.  The parties are advised that failure to file objections within the specified time may

22   waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

23   Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

24       IT IS SO RECOMMENDED.

25   Dated:  May 21, 2015

26

27                                   _____
                                     KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE
28

6